IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEREMIAH RICHARDSON, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-00024-XR |
| | § | |
| vs. | § | |
| | § | |
| RANDY GORE, INDIVIDUALLY AND IN OFFICIAL CAPACITY AS A INVESTIGATOR OF ROME, | § | |
| | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends the Court deny the motion.

## I. Analysis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1] *See* 28 U.S.C. § 1914(a). When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). In doing so, the Court must examine the demand on plaintiff's financial resources, including whether his expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that he is employed and receives monthly income related to that employment in the amount of $7,000.00 per month. (IFP Motion [#1] at 1.) Plaintiff additionally receives monthly unemployment payments in the amount of $181.00. Plaintiff's motion indicates he has no assets and no debts but has monthly expenses in the amount of $1,200.00. Plaintiff's motion does not demonstrate that he is unable to pay the $350.00 filing fee for this case, as he has not shown that he truly cannot pay this amount due to poverty. Accordingly, the undersigned will recommend the motion be denied.

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule*, available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**II. Conclusion and Recommendation**

The undersigned hereby recommends that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **DENIED**. Plaintiff should be directed to either pay the filing fee or face dismissal of his proposed Complaint for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b).

**III. Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of January, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE