IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JEREMIAH RICHARDSON,                §
                                    §
            *Plaintiff,*             §                SA-23-CV-00024-XR
                                    §
vs.                                 §
                                    §
RANDY GORE, INDIVIDUALLY AND        §
IN OFFICIAL CAPACITY AS AN          §
INVESTIGATOR OF ROME,               §
                                    §
            *Defendant.*            §


## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Amended *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#6].  The District Court referred this case to the undersigned upon filing of Plaintiff's amended motion.  The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).  By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs.  Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement.

## **I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's first motion to proceed IFP indicated that he was employed and received monthly income in the amount of $7,000.  The undersigned therefore recommended the motion be denied for failure to demonstrate indigency.  In response, Plaintiff filed the amended motion to proceed IFP currently before the Court.  The amended motion indicates that Plaintiff misunderstood the questions about his income on the standard form for IFP motions and clarifies that his income was $7,000 for the entire preceding year, not $7,000 per month.  Plaintiff explains in his amended motion that he is currently unemployed and cannot afford the filing fee, was recently homeless, and is relying on charity from a local church to meet his basic needs.  This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.

The Court will therefore grant Plaintiff's Amended Motion to Proceed IFP.  The Court will also order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).  Plaintiff is advised that, although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint [#1-1] names one Defendant, Detective Randy Gore.  Plaintiff sues Detective Gore in both his individual capacity and official capacity as an investigator for the city of Rome, Georgia.  Plaintiff's allegations concern his arrest on kidnapping charges in November 2021.

Plaintiff claims he was wrongfully arrested for the alleged kidnapping of his daughter in Georgia from his ex-partner, Ms. Kendrica Seals.  Plaintiff claims Ms. Seals had told him she did not want their child anymore and had asked him to take her back to Texas.  Plaintiff contends his only intentions with respect to his daughter have ever been to protect her from abuse at the hands of her mother, who is an addict.  Plaintiff's Complaint alleges he was arrested in Texas by the San Antonio Police Department and Texas Rangers.  Plaintiff claims he served 29 days in the Bexar County Jail before being transferred to Georgia, where he was jailed until all charges were dropped.  Plaintiff further contends that there was a second attempt to arrest him in November 2022 related to the same kidnapping charges, but the arrest was never effectuated.  Plaintiff asserts claims of wrongful arrest and malicious prosecution and alleges that Detective Gore included perjurious statements in the probable cause affidavit underlying the arrest warrant.

The Supreme Court recently recognized the constitutional tort of malicious prosecution. *Thompson v. Clark*, ⸺ U.S. ⸺, 142 S. Ct. 1332 (2022).  To state a claim under 42 U.S.C. § 1983 for malicious prosecution against Defendant Gore, Plaintiff must allege the threshold element of an unlawful Fourth Amendment seizure, as well as the following elements: (1) the commencement or continuance of an original criminal proceeding against Plaintiff (who was the

---

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

defendant in the criminal case); (2) that Defendant Gore caused the criminal proceeding; (3) the criminal proceeding's bona fide termination in favor of the Plaintiff; (4) the absence of probable cause for the criminal proceeding; (5) Defendant Gore's malice; and (6) damages.  *See Armstrong v. Ashley*, No. 21-30210, 2023 WL 2005263, at *11 (5th Cir. Feb. 15, 2023).  Plaintiff alleges all of these elements in his proposed Complaint.  However, it is unclear from the pleadings whether this Court has personal jurisdiction over Detective Gore.

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant Gore.  *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).  A federal district court may exercise personal jurisdiction over a nonresident defendant, like Detective Gore, "only to the extent consistent with his federal due process rights."  *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021).  "Those rights permit our jurisdiction only where the defendant has established enough purposeful contacts with the forum and where jurisdiction would comport with 'traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2022)).

Plaintiff alleges Detective Gore authored the affidavit underlying the warrant at issue in Georgia and therefore caused his arrest in Texas.  Other courts faced with similar factual allegations across the country have concluded that this kind of limited conduct with a forum is insufficient to provide the minimum contacts necessary to comport with due process.  *See Brown v. Bob Tyler Suzuki, Inc.*, No. 1:11CV116HSO-JMR, 2012 WL 293486, at *4 (S.D. Miss. Jan. 31, 2012) (finding no personal jurisdiction over defendants who obtained an arrest warrant in Florida, which led to the arrest of plaintiff in Mississippi, because their contacts with the forum "arose from the fortuitous circumstance that Plaintiff transported the motor vehicle to Mississippi, something over which neither of these Defendants had any control"); *Williams v.*

*Ponder*, No. 08-CV-4086, 2009 WL 3152129, at *3 (E.D. Pa. Sept. 30, 2009) ("The mere issuance of an arrest warrant that foreseeably caused Williams to be arrested in Pennsylvania, however, does not provide sufficient contacts with Pennsylvania for this court to exercise jurisdiction. An officer cannot reasonably expect to be haled into court in Pennsylvania because he sought a warrant in Georgia based on a violation of Georgia law."); *Bush v. Adams*, No. 07–4936, 2008 WL 4791647 (E.D. Pa. Nov. 3, 2008) (finding court lacked personal jurisdiction over police officers in Virginia even though officers issued warrant for plaintiff's arrest in Virginia and also made phone calls to Virginia to ensure local authorities acted on the warrants); *Olagues v. Stafford*, 316 F. Supp. 2d 393, 400 (E.D. La. 2004), *modified on reconsideration*, No. CIV.A. 03-3428, 2004 WL 1444947 (E.D. La. June 25, 2004) (finding court lacked personal jurisdiction over California law enforcement authorities who collaborated with Louisiana officials to arrest plaintiff in Louisiana, as all actions taken in or pertaining to Louisiana, in an attempt to arrest plaintiff "rest[ed] on nothing more than the 'mere fortuity' that plaintiff happened to be a resident of Louisiana and happened to choose that destination for [his kidnapped] children").

The undersigned finds these cases persuasive. Therefore, before the Court orders service of Plaintiff's Complaint on Detective Gore, the Court will require Plaintiff to supplement his allegations by filing a More Definite Statement addressing all of Detective Gore's known contacts with the State of Texas so the Court may further evaluate its personal jurisdiction over Detective Gore. If the Court does not have personal jurisdiction over Detective Gore, then this case should be dismissed without prejudice to Plaintiff refiling it in Georgia.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Amended *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#6] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. Service upon Defendant should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that on or before **March 17, 2023**, Plaintiff shall file a **More Definite Statement** regarding the Court's personal jurisdiction over Plaintiff.  In this More Definite Statement, Plaintiff should include the following information:

- Please describe all of Detective Gore's contacts with the State of Texas.  To your knowledge, did Detective Gore ever visit the State of Texas in connection with this case?  Did Detective Gore work directly with Texas authorities to secure your arrest?

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _____ day of _____2023.

_____

Signature of Plaintiff

6

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 23rd day of February, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE