IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEREMIAH RICHARDSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | SA-23-CV-00024-XR |
| | § | |
| RANDY GORE, INDIVIDUALLY AND IN OFFICIAL CAPACITY AS A INVESTIGATOR OF ROME; | § § § § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for an order on Plaintiff's motion to proceed *in forma pauperis* and for a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

**I.  Background and Analysis**

The record reflects that on February 23, 2023, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff's proposed Complaint to be docketed. However, the undersigned ordered that service be withheld pending further review of this Court's personal jurisdiction over Defendant. The undersigned directed Plaintiff to file a more definite statement on or before March 17, 2023, and warned Plaintiff that a failure to do so could result in dismissal for want of prosecution. To date, Plaintiff has not filed the ordered more

definite statement.  Due to Plaintiff's failure to comply with an order of the Court and due to concerns regarding its personal jurisdiction over Defendant, as discussed herein, the undersigned will recommend this case be dismissed for want of prosecution.

Plaintiff's Complaint [#8] names one Defendant, Detective Randy Gore.  Plaintiff sues Detective Gore in both his individual capacity and official capacity as an investigator for the city of Rome, Georgia. Plaintiff's allegations concern his arrest on kidnapping charges in November 2021.  Plaintiff claims he was wrongfully arrested for the alleged kidnapping of his daughter in Georgia from his ex-partner, Ms. Kendrica Seals.  Plaintiff claims Ms. Seals had told him she did not want their child anymore and had asked him to take her back to Texas.  Plaintiff contends his only intentions with respect to his daughter have ever been to protect her from abuse at the hands of her mother, who is an addict.

Plaintiff's Complaint alleges he was arrested in Texas by the San Antonio Police Department and Texas Rangers. Plaintiff claims he served 29 days in the Bexar County Jail before being transferred to Georgia, where he was jailed until all charges were dropped.  Plaintiff further contends that there was a second attempt to arrest him in November 2022 related to the same kidnapping charges, but the arrest was never effectuated. Plaintiff asserts claims of wrongful arrest and malicious prosecution and alleges that Detective Gore included perjurious statements in the probable cause affidavit underlying the arrest warrant.

The Supreme Court recently recognized the constitutional tort of malicious prosecution. *Thompson v. Clark*, ––– U.S. –––, 142 S. Ct. 1332 (2022).  To state a claim under 42 U.S.C. § 1983 for malicious prosecution against Defendant Gore, Plaintiff must allege the threshold element of an unlawful Fourth Amendment seizure, as well as the following elements: (1) the commencement or continuance of an original criminal proceeding against Plaintiff (who was the

defendant in the criminal case); (2) that Defendant Gore caused the criminal proceeding; (3) the criminal proceeding's bona fide termination in favor of the Plaintiff; (4) the absence of probable cause for the criminal proceeding; (5) Defendant Gore's malice; and (6) damages. *See Armstrong v. Ashley*, No. 21-30210, 2023 WL 2005263, at *11 (5th Cir. Feb. 15, 2023). Plaintiff alleges all of these elements in his proposed Complaint. However, it is unclear from the pleadings whether this Court has personal jurisdiction over Detective Gore.

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant Gore. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). A federal district court may exercise personal jurisdiction over a nonresident defendant, like Detective Gore, "only to the extent consistent with his federal due process rights." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021). "Those rights permit our jurisdiction only where the defendant has established enough purposeful contacts with the forum and where jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2022)).

Plaintiff alleges Detective Gore authored the affidavit underlying the warrant at issue in Georgia and therefore caused his arrest in Texas. Other courts faced with similar factual allegations across the country have concluded that this kind of limited conduct with a forum is insufficient to provide the minimum contacts necessary to comport with due process. *See Brown v. Bob Tyler Suzuki, Inc.*, No. 1:11CV116HSO-JMR, 2012 WL 293486, at *4 (S.D. Miss. Jan. 31, 2012) (finding no personal jurisdiction over defendants who obtained an arrest warrant in Florida, which led to the arrest of plaintiff in Mississippi, because their contacts with the forum "arose from the fortuitous circumstance that Plaintiff transported the motor vehicle to Mississippi, something over which neither of these Defendants had any control"); *Williams v.*

*Ponder*, No. 08-CV-4086, 2009 WL 3152129, at *3 (E.D. Pa. Sept. 30, 2009) ("The mere issuance of an arrest warrant that foreseeably caused Williams to be arrested in Pennsylvania, however, does not provide sufficient contacts with Pennsylvania for this court to exercise jurisdiction. An officer cannot reasonably expect to be haled into court in Pennsylvania because he sought a warrant in Georgia based on a violation of Georgia law."); *Bush v. Adams*, No. 07–4936, 2008 WL 4791647 (E.D. Pa. Nov. 3, 2008) (finding court lacked personal jurisdiction over police officers in Virginia even though officers issued warrant for plaintiff's arrest in Virginia and also made phone calls to Virginia to ensure local authorities acted on the warrants); *Olagues v. Stafford*, 316 F. Supp. 2d 393, 400 (E.D. La. 2004), *modified on reconsideration*, No. CIV.A. 03-3428, 2004 WL 1444947 (E.D. La. June 25, 2004) (finding court lacked personal jurisdiction over California law enforcement authorities who collaborated with Louisiana officials to arrest plaintiff in Louisiana, as all actions taken in or pertaining to Louisiana, in an attempt to arrest plaintiff, "rest[ed] on nothing more than the 'mere fortuity' that plaintiff happened to be a resident of Louisiana and happened to choose that destination for [his kidnapped] children").

The undersigned finds these cases persuasive and therefore ordered Plaintiff to supplement his allegations by filing a More Definite Statement addressing all of Detective Gore's known contacts with the State of Texas so the Court may further evaluate its personal jurisdiction over Detective Gore. Plaintiff failed to file the ordered More Definite Statement.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to respond to the Court's Order to supplement his pleadings and address the aforementioned questions regarding the Court's personal jurisdiction

over Defendant, the Court will recommend that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 28th day of March, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE