IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JEREMIAH RICHARDSON,<br>   *Plaintiff*<br><br>-vs-<br><br>RANDY GORE, INDIVIDUALLY AND<br>IN OFFICIAL CAPACITY AS A<br>INVESTIGATOR OF ROME;<br>   *Defendant* | §<br>§<br>§  SA-23-CV-00024-XR<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizbeth Chestney's Report and Recommendation in the above-numbered and styled case, filed March 28, 2023. ECF No. 9.

Plaintiff filed this action on January 6, 2023, alleging claims for wrongful arrest and wrongful prosecution under 42 U.S.C. § 1983 against Detective Randy Gore, in both his individual capacity and his official capacity as an investigator for the City of Rome, Georgia, arising out of Plaintiff's arrest on kidnapping charges in November 2021. *See* ECF No. 1-1. He did so seeking to proceed *in forma pauperis* ("IFP"). *See* ECF No. 1. Plaintiff's initial motion to proceed IFP was denied because it stated that he was employed and received a monthly income of $7,000 per month. ECF No. 3. In response, Plaintiff filed an amended motion to proceed IFP, indicating that Plaintiff misunderstood the questions about his income on the standard form for IFP motions and clarifies that his income was $7,000 for the entire preceding year and that he was unemployed, recently homeless, and relying on charity from a local church to meet his basic needs. ECF No. 6. Accordingly, the Magistrate Judge granted Plaintiff's amended IFP motion

and ordered that his proposed Complaint be filed, but ordered that service be withheld pending further review of the Court's personal jurisdiction over Defendant. ECF No. 7.

The Complaint alleges that Plaintiff was wrongfully arrested for the alleged kidnapping of his daughter in Georgia. *See* ECF No. 8. The child's mother and Plaintiff's ex-partner is Kendrica Seals. *Id.* Plaintiff alleges that Ms. Seals told him she did not want their child anymore and asked him to take her back to Texas. *Id.* at 2. Plaintiff contends his only intention was to protect his daughter from Ms. Seals's allegedly abusive conduct. *Id.* The Complaint alleges that Plaintiff was arrested in Texas by the San Antonio Police Department and Texas Rangers. *Id.* He then allegedly served 29 days in the Bexar County Jail before being transferred to Georgia, where he was jailed for three days before being released. *Id.* at 2–3. Plaintiff returned to Texas and, some months later, learned that the charges had been dropped. *Id.* at 3. Nonetheless, he alleges that Plaintiff further contends that there was a second attempt to arrest him in November 2022 related to the same kidnapping charges, but the arrest was never effectuated. *Id.* Plaintiff asserts claims of wrongful arrest and malicious prosecution and alleges that Detective Gore included perjurious statements in the probable cause affidavit underlying the arrest warrant. *Id.* at 3–5.

The Supreme Court recently recognize a freestanding claim for malicious prosecution pursuant to wrongful legal process under the Fourth Amendment in *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022). However, as the Magistrate Judge noted, other courts faced with similar factual allegations across the country have concluded that this kind of limited conduct with a forum is insufficient to provide the minimum contacts necessary to comport with due process. *See* ECF No. 7 (collecting cases)[1]; *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014)

---

[1] *Brown v. Bob Tyler Suzuki, Inc.*, No. 1:11CV116HSO-JMR, 2012 WL 293486, at *4 (S.D. Miss. Jan. 31, 2012) (finding no personal jurisdiction over defendants who obtained an arrest warrant in Florida, which led to the

(concluding that Nevada court did not have personal jurisdiction over DEA agent in Georgia who allegedly drafted a misleading affidavit leading to the wrongful seizure of the plaintiffs' funds because the agent had "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada"). Accordingly, the Magistrate Judge directed Plaintiff to supplement his allegations by filing a More Definite Statement addressing all of Detective Gore's known contacts with the State of Texas on or before March 17, 2023, and warned that a failure to do so could result in dismissal for want of prosecution. ECF No. 7 at 5–6. No such statement was filed.

On March 28, 2023, in light of Plaintiff's failure to the respond to the order to supplement his pleading, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 9.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on March 28, 2023, and received on April 3, 2023. ECF Nos. 6, 7. No objections have been filed.

---

arrest of plaintiff in Mississippi, because their contacts with the forum "arose from the fortuitous circumstance that Plaintiff transported the motor vehicle to Mississippi, something over which neither of these Defendants had any control"); *Williams v. Ponder*, No. 08-CV-4086, 2009 WL 3152129, at *3 (E.D. Pa. Sept. 30, 2009) ("The mere issuance of an arrest warrant that foreseeably caused Williams to be arrested in Pennsylvania, however, does not provide sufficient contacts with Pennsylvania for this court to exercise jurisdiction. An officer cannot reasonably expect to be haled into court in Pennsylvania because he sought a warrant in Georgia based on a violation of Georgia law."); *Bush v. Adams*, No. 07–4936, 2008 WL 4791647 (E.D. Pa. Nov. 3, 2008) (finding court lacked personal jurisdiction over police officers in Virginia even though officers issued warrant for plaintiff's arrest in Virginia and also made phone calls to Virginia to ensure local authorities acted on the warrants); *Olagues v. Stafford*, 316 F. Supp. 2d 393, 400 (E.D. La. 2004), modified on reconsideration, No. CIV.A. 03-3428, 2004 WL 1444947 (E.D. La. June 25, 2004) (finding court lacked personal jurisdiction over California law enforcement authorities who collaborated with Louisiana officials to arrest plaintiff in Louisiana, as all actions taken in or pertaining to Louisiana, in an attempt to arrest plaintiff, "rest[ed] on nothing more than the 'mere fortuity' that plaintiff happened to be a resident of Louisiana and happened to choose that destination for [his kidnapped] children").

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Jeremiah Richardson at 12915 Henderson Camp St., San Antonio, Texas 78233.

It is so **ORDERED**.

**SIGNED** this 21st day of April, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE